UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. MORRISON,

    Plaintiff,                                        Case No. 06-13871

v.                                                    Judge Avern Cohn

DEPARTMENT OF HOMELAND
SECURITY, USCIS, and an unknown
U.S. GOVERNMENT AGENCY tasked
with background checks

    Defendants.
_____/

## ORDER DISMISSING PLAINTIFF'S MOTION AS MOOT

### I. Introduction

This is an immigration case. On August 31, 2006 plaintiff, John Morrison (Morrison) filed this action claiming that defendant Department of Homeland Security (Government) and an unknown United States government agency responsible for background checks have failed to adjudicate his application for naturalization within the statutory time frame. In particular, Morrison claimed that the Government acted in violation of 8 U.S.C. §1447(b) by failing to make a final determination regarding his application within 120-days after his in-person interview.

On December 4, 2006 the Government moved to dismiss stating that the Court did not have jurisdiction over the matter, and alternatively the Court should remand the matter back to the Department of Homeland Security.

On January 30, 2007, the Government filed a second motion to dismiss without an award of costs to Morrison because Morrison was granted citizenship on January 16,

1

2007.

Morrison has responded that this motion should be denied because the government is capable of raising the argument that a court does not have jurisdiction over this type of complaint in the future – therefore the issue of jurisdiction is capable of repeating and evading review of the Court.

For the reasons stated below, the case will be dismissed without an award of costs.

## II.  Background

Morrison is a Canadian citizen who has resided in the United States for approximately 48 years.  Morrison filed a application for naturalization pursuant to 8 U.S.C. §1421 in May, 2005.  The Department of Homeland Security scheduled an in person interview with the Morrison on November 23, 2005.  Morrison attended the interview and passed the basic English proficiency test and the civics test.  After the interview, Morrison inquired several times as to the status of his application and was told the matter was on hold pending completion of security background checks, specifically an FBI name check.  Morrison filed this action on August 31, 2006 requesting the Court to expedite the process, or in the alternative hear his application for naturalization *de novo*.  On September 21, 2006 the United States Citizenship and Immigration Services (USCIS) requested the FBI to expedite Morrison's name check.  Morrison's FBI name check was completed on December 19, 2006, and his application for naturalization was granted on January 16, 2007.

### III. Whether Morrison's Action Should be Dismissed Because he was Granted Citizenship

### A. Standard for Dismissal

In <u>Franks v. Browman Transp. Co., Inc.,</u> 424 U.S.747, 754 (1976), the Supreme Court  addressed the issue of a moot claim:

> Insofar as the concept of mootness defines constitutionally minimal conditions for the invocation of federal judicial power, its meaning and scope, as with all concepts of justiciability, must be derived from the fundamental policies informing the cases and controversies limitation imposed by the Constitution.

In <u>Franks</u>, 424 U.S. at 755, the Supreme Court recognized that mootness of an issue is a limitation on a courts' ability to hear a case pursuant to Article 3, §1 of the Constitution.  In <u>Coalition for Gov't Procurement v. Fed. Prison Indus</u>, 365 F.3d 435, 458 (6th Cir. 2004), the Sixth Circuit Court of Appeals stated that courts "have a continuing obligation to enquire whether there is a present controversy as to which effective relief can be granted."

### B. Arguments

The Government argues that Morrison's complaint should be dismissed because Morrison's application is now moot since he was granted citizenship.  Moreover, the Government argues that since the application was never decided on the merits, Morrison is not a prevailing party and is therefore not entitled to the costs and fees he requested.

Morrison responds that while the his case is not pregnant, the Court should review the issue of whether the Court would have jurisdiction in a similar case because it  is "capable of repetition, yet evading review."  Morrison argues that:

3

>if a Defendant is allowed to moot every similar case first by filing a motion to dismiss for lack of subject matter jurisdiction and later simply by mooting the issues to avoid litigation, similarly situated future Plaintiffs will be denied "equal protection of the law" when they do not have the means to challenge the government.

See Roe v. Wade, 410 U.S. 113, 125 (1973).

### C. Resolution

Morrison's application is moot. The Government has granted his application for citizenship. Morrison's presumed goal was to expedite and complete his review, which in this situation, was achieved after the filing of this action. Therefore it is not necessary for the Court to decide whether it should compel the government to adjudicate Morrison's application for naturalization, or to conduct a de novo review of his application for naturalization.

Moreover, the Court declines to decide the issue of whether in a similar future controversy, the Court would have jurisdiction. The Court disagrees with Morrison's "capable of repetition but evading review" argument. Although the Court sympathizes with applicants who are waiting for a determination of their naturalization applications, Morrison's comparison of this situation to the plaintiff's in Roe v. Wade is inapposite. There, the consequences of a woman's claim being mooted before the determination of whether she had the right to obtain an abortion (because the woman delivers the child and is no longer pregnant) results in a far different consequences than when an applicant for citizenship files an action to have his application reviewed, and while awaiting adjudication the application is in fact reviewed.

Finally, Morrison is not entitled to costs and fees. The Equal Access to Justice

Act (EAJA), 28 U.S.C. §2412, affords a prevailing party the option of requesting a judgment for costs and attorney fees.  The Sixth Circuit in <u>Chambers v. Ohio Dep't of Human Services</u>, 273 F.3d 690, 691 (6th Cir. 2002), said "to 'prevail', the party must have obtained a change in the legal relationship of the parties that originated in a court order or that had at least received judicial sanction. "  There was no adjudication of this matter or court order entered before Morrison became a United States citizen.  Therefore, Morrison is not a prevailing party and he is not entitled to costs or fees pursuant to 28 U.S.C. §2412.

## IV. Conclusion

For the reasons stated above, Morrison's case is dismissed as moot.

SO ORDERED.

       s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  February 23, 2007


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, February 23, 2007, by electronic and/or ordinary mail.

       s/Julie Owens
Case Manager, (313) 234-5160